IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FRAC SHACK INC., § | |
| § | |
| Plaintiff, § | |
| v. § | Case No. 1:18-cv-00660-RP |
| § | |
| ALASKA FUEL DISTRIBUTORS § | JURY TRIAL DEMANDED |
| INC., § | |
| § | |
| Defendant. § | |

**DEFENDANT ALASKA FUEL DISTRIBUTORS INC.'S MOTION TO DISMISS
WILLFUL INFRINGEMENT CLAIM FOR FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................1

II. BACKGROUND ..................................................................................................................1

III. ARGUMENT .......................................................................................................................2

    A. Legal Standard Governing this Motion to Dismiss ............................................2

    B. Frac Shack Fails to State a Claim for Willful Infringement ..............................4

IV. CONCLUSION....................................................................................................................8

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................2, 6

*CG Tech. Dev., LLC v. Zynga, Inc.*, No. 2:16-CV-859-RCJ-VCF, 2017 WL 662489
    (D. Nev. Feb. 17, 2017) ..................................................................................................4

*Cooper Lighting, LLC v. Cordelia Lighting, Inc.*, No. 1:16-CV-2669-MHC,
    2017 WL 3469535 (N.D. Ga. Apr. 6, 2017) ................................................................3, 5

*Diamond Grading Techs., Inc. v. American Gem Society*, No. 2:14-cv-1171-RWS,
    2016 WL 2902482 (E.D. Tex. Mar. 30, 2016) ................................................................2

*Finjan, Inc. v. Cisco Sys., Inc.*, No. 17-cv-00072-BLF, 2017 WL 2462423
    (N.D. Cal. Jun. 7, 2017) ...............................................................................................4, 7

*Finjan, Inc. v. Juniper Networks, Inc.*, No. C 17-05659 WHA, 2018 WL 905909
    (N.D. Cal. Feb. 14, 2018) ...............................................................................................7

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016) ......................................2-4, 7

*Jenkins v. LogicMark, LLC*, No. 3:16-CV-751-HEH, 2017 WL 376154
    (E.D. Va. Jan. 25, 2017) ..................................................................................................4

*Mentor Graphics Corp. v. EVE-USA, Inc.*, 831 F.3d 1275 (Fed. Cir. 2017) .......................3

*Meraz v. M. Susan Rice, P.C.*, No. SA-09-CA-138-OG, 2009 WL 10669232
    (W.D. Tex. May 15, 2009) ..............................................................................................1

*NetFuel, Inc. v. Cisco Sys. Inc.*, No. 5:18-cv-02352-EJD, 2018 U.S. Dist. LEXIS
    159412 (N.D. Cal. Sep. 18, 2018) ...................................................................................5

*Princeton Digital Image Corp. v. Ubisoft Entmn't SA*, No. 13-335-LPS-CJB,
    2017 WL 6337188 (D. Del. Dec. 12, 2017) ....................................................................7

*Radware, Ltd. v. F5 Networks, Inc.*, No. 5:13-CV-02024-RMW,
    2016 WL 4427490 (N.D. Cal. Aug. 22, 2016) ................................................................3

*Software Research, Inc. v. Dynatrace LLC*, 316 F. Supp. 3d 1112 (N.D. Cal. 2018) .........3

*Solannex, Inc. v. MiaSole*, No. C 11-00171 PSG, 2011 WL 4021558
    (N.D. Cal. Sept. 9, 2011) .................................................................................................5

*State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226 (Fed. Cir. 1985) ..............................6

*Varian Med. Sys., Inc. v. Elekta AB*, No. 15-871, 2016 WL 3748772
 (D. Del. Jul. 12, 2016)......................................................................................................4

*Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11-06638 RS,
 2012 WL 1831543 (N.D. Cal. 2012) ...............................................................................6

*WBIP, LLC v. Kohler Co.*, 829 F.3d 1317 (Fed. Cir. 2016) .......................................................3, 5

**Statutes**

35 U.S.C. § 284.............................................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).................................................................................................................1

## I. INTRODUCTION

Frac Shack Inc. ("Frac Shack") has failed to allege a plausible claim of willful patent infringement in its Complaint against Alaska Fuel Distributors Inc. ("AFD Alaska"). Accordingly, pursuant to Fed. R. Civ. P. 12(b)(6), the Court should dismiss the willfulness claim.[1,2]

First, Frac Shack failed to allege that AFD Alaska had any pre-suit knowledge of the Patent-in-Suit itself, which is required to state a claim for willfulness. Second, the Complaint lacks any factual basis on which to presume that AFD Alaska acted with the kind of "egregious," "piratical" conduct that is required to plead a claim for willful infringement. Indeed, Frac Shack alleges no facts about AFD Alaska's conduct or intent that could give rise to a plausible inference that it has willfully infringed.

Accordingly, the Court should grant AFD Alaska's motion and dismiss Frac Shack's willful infringement claim.

## II. BACKGROUND

On August 6, 2018, Frac Shack filed its Original Complaint against AFD Alaska for patent infringement. *See* Dkt. 1. In the Complaint, Frac Shack alleged that AFD Alaska has directly infringed various claims of U.S. Patent No. 10,029,906 ("'906 Patent" or "Patent-in-Suit"). Complaint at ¶¶ 1, 25, and 39. In addition, Frac Shack conclusorily alleged that AFD Alaska's alleged infringement was willful:

---

[1] This motion suspends AFD Alaska's obligation to respond to the entire complaint. *See Meraz v. M. Susan Rice, P.C.*, No. SA-09-CA-138-OG, 2009 WL 10669232, at *1–2 (W.D. Tex. May 15, 2009).

[2] While AFD Alaska disputes that (1) this Court has personal jurisdiction over it for this dispute, and (2) venue is proper in this District for this dispute, AFD Alaska has elected not to challenge personal jurisdiction and venue in this motion. AFD Alaska reserves all rights to challenge personal jurisdiction and/or venue in any future cases filed against it in this District or any other District.

> 36. AFD's infringement of the '906 Patent has been and is willful, deliberate and in disregard of Frac Shack's patent rights, and Frac Shack is therefore entitled to increased damages up to three times the amount of actual damages and attorneys' fees pursuant to 35 U.S.C. §§ 284–85.

Complaint at ¶ 36. Frac Shack did not explicitly allege that AFD Alaska had knowledge of the asserted '906 Patent itself, but instead merely alleged that AFD Alaska was "aware of the application for the '906 Patent before the '906 Patent issued":

> 24. On information and belief, AFD has been aware of the application for the '906 Patent before the '906 Patent issued.

Complaint at ¶ 24.

### III.  ARGUMENT

#### A.  Legal Standard Governing this Motion to Dismiss

Plaintiffs are required under the Federal Rules to allege claims that "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This obligation requires "more than labels and conclusions, and a formulaic recitation of a cause of action will not do." *Twombly*, 550 U.S. at 555. Pleadings that are "no more than conclusions" are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). The plausibility requirement applies to Frac Shack's claim for willful infringement. *See Diamond Grading Techs., Inc. v. American Gem Society*, No. 2:14-cv-1171-RWS, 2016 WL 2902482, at *2 (E.D. Tex. Mar. 30, 2016) (dismissing willfulness claim for lacking a "plausible allegation of subjective knowledge").

In order to recover enhanced damages for willful patent infringement, a plaintiff must satisfy the requirements of 35 U.S.C. § 284 as interpreted by the United States Supreme Court in *Halo*

2

*Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016). In *Halo,* the Supreme Court held that the "sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id*. at 1932. Thus, under *Halo*, while "courts should continue to take into account the particular circumstances of each case," enhanced damages are limited to "egregious cases of misconduct beyond typical infringement," such as those "typified by willful misconduct." *Id*. at 1933–35.

The Federal Circuit has confirmed that "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). A defendant's subjective intent, based on pre-litigation conduct, remains critical to the pleading and determination of willful infringement since *Halo*. *See Mentor Graphics Corp. v. EVE-USA, Inc.*, 831 F.3d 1275, 1295 (Fed. Cir. 2017) (in post-*Halo* decision, quoting *Seagate* statement that "in ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct" because "a patentee must have a good faith basis for alleging willful infringement"); *Radware, Ltd. v. F5 Networks, Inc.*, No. 5:13-CV-02024-RMW, 2016 WL 4427490, at *6 (N.D. Cal. Aug. 22, 2016) ("*Halo* did not disturb this ruling [from *Seagate* that willful infringement requires pre-filing, not post-filing, conduct], as post-filing conduct was not at issue in *Halo*"); *Cooper Lighting, LLC v. Cordelia Lighting, Inc.*, No. 1:16-CV-2669-MHC, 2017 WL 3469535, at *2–3 (N.D. Ga. Apr. 6, 2017) (dismissing willfulness claim based solely on post-filing conduct); *Software Research, Inc. v. Dynatrace LLC*, 316 F. Supp. 3d 1112, 1137 (N.D. Cal. 2018) (dismissing willful infringement claim in which plaintiff failed to plead pre-suit knowledge of the asserted patents and thus had not shown piratical behavior under *Halo*).

Courts have also applied *Halo* in determining whether a willfulness claim is plausibly alleged and have dismissed those that do not show the requisite egregious conduct. *See, e.g., Varian Med. Sys., Inc. v. Elekta AB*, No. 15-871, 2016 WL 3748772, at *8 (D. Del. Jul. 12, 2016) (dismissing willfulness allegation for failing to plead facts showing that the defendants' actions "actually amounted to an egregious case of infringement of the patent"); *CG Tech. Dev., LLC v. Zynga, Inc.*, No. 2:16-CV-859-RCJ-VCF, 2017 WL 662489, at *4 (D. Nev. Feb. 17, 2017) ("Under *Halo*, Plaintiffs have failed to state a claim for willful infringement because they have failed to allege any facts suggesting that Defendant's conduct is 'egregious . . . beyond typical infringement.'") (quoting *Halo*, 136 S. Ct. at 1935 (alteration in original)); *Finjan, Inc. v. Cisco Sys., Inc.*, No. 17-cv-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. Jun. 7, 2017) (dismissing plaintiff's willful infringement claim because, *inter alia*, the complaint failed to make sufficient factual allegations that defendant's behavior was "egregious . . . beyond typical infringement") (internal quotation marks omitted); *Jenkins v. LogicMark, LLC*, No. 3:16-CV-751-HEH, 2017 WL 376154, *5 (E.D. Va. Jan. 25, 2017) ("Therefore, the Court finds that, at a minimum, plaintiffs alleging willful infringement must plead facts sufficient to support an inference 'plausible on its face' that the alleged conduct is of the egregious nature described in [*Halo*].").

As set forth below, Frac Shack has not even come close to satisfying the plausibility standard for its claim of willful infringement.

### B.     Frac Shack Fails to State a Claim for Willful Infringement

Frac Shack's willful infringement allegations are bare conclusions without support of any specific facts. Such threadbare allegations do not plausibly show either the knowledge or egregiousness required for willfulness under *Halo*.

4

> 1. *Frac Shack fails to allege facts to plausibly show that AFD Alaska had pre-suit knowledge of the Patent-in-Suit and the alleged infringement*

Frac Shack does not plead facts to plausibly show AFD Alaska had pre-suit knowledge of the Patent-in-Suit at any point prior to the filing of the Complaint. Frac Shack never alleges that it took steps to notify AFD Alaska of the Patent-in-Suit or that AFD Alaska purportedly infringes it. As a matter of law, absent pre-suit knowledge of both the patent and the alleged infringement, there can be no willful infringement. *See WBIP, LLC*, 829 F.3d at 1341; *see also Cooper Lighting*, 2017 WL 3469535, at *2–3 ("Plaintiff's willful infringement claim, which is based solely on Defendants' post-filing conduct, fails as a matter of law."); *NetFuel, Inc. v. Cisco Sys. Inc.*, No. 5:18-cv-02352-EJD, 2018 U.S. Dist. LEXIS 159412, at *8 (N.D. Cal. Sep. 18, 2018) ("[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.").

Indeed, Frac Shack did not even allege that AFD Alaska had any pre-suit knowledge of the Patent-in-Suit itself. The sole allegation of knowledge in the Complaint is limited to:

> 24. On information and belief, AFD has been aware of the application for the '906 Patent before the '906 Patent issued.

Complaint at ¶ 24. An allegation that AFD Alaska was aware of an ***application*** for the Patent-in-Suit fails to properly allege the requisite knowledge for willful infringement, for at least two reasons.

First, even assuming that AFD Alaska had pre-suit knowledge of the application for the '906 Patent, Frac Shack's allegation fails as a matter of law. Willful infringement requires that the defendant had pre-suit knowledge of the Patent-in-Suit itself, rather than its application. *See Solannex, Inc. v. MiaSole*, No. C 11-00171 PSG, 2011 WL 4021558, at *3 (N.D. Cal. Sept. 9, 2011) (dismissing willful infringement claim in absence of allegations showing knowledge of patents-in-

suit *after* the patents issued); *NetFuel*, 2018 U.S. Dist. LEXIS 159412, at *5 ("The general rule in this district is that knowledge of a patent application alone is insufficient to meet the knowledge requirement for either a willful or induced infringement claim."). AFD Alaska could not possibly have knowledge of the '906 Patent before its issuance and, therefore, could not willfully infringe a patent that did not exist at the time of the alleged knowledge. *See State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, a patent must exist and one must have knowledge of it."); *see also Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11-06638 RS, 2012 WL 1831543, at *5–7 (N.D. Cal. 2012) (holding that defendant's alleged knowledge of the pending patent application that led to the asserted patent and knowledge of other related patents were insufficient to show actual knowledge of the asserted patent).

Second, Frac Shack's conclusory allegation that "AFD has been aware of the application for the '906 Patent before the '906 Patent issued" lacks factual support. Frac Shack does not point to any facts demonstrating how AFD Alaska allegedly became aware of the application or when AFD Alaska allegedly acquired such knowledge. This complete lack of facts does not meet *Twombly*'s requirement to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547.

Accordingly, Frac Shack's allegations of willful infringement fail to state a claim for at least the reasons that (1) Frac Shack has not alleged any facts showing that AFD Alaska had knowledge of the Patent-in-Suit and the alleged infringement before this suit was filed, and (2) Frac Shack's allegation that AFD Alaska had knowledge of the application for the Patent-in-Suit is both factually unsupported and legally irrelevant to a willful infringement claim.

> 2.  *Frac Shack fails to allege facts to plausibly show that AFD Alaska engaged in egregious, piratical conduct*

In addition to its failure to establish the requisite knowledge of the Patent-in-Suit and the alleged infringement, Frac Shack also fails to allege facts to plausibly show that AFD Alaska engaged in the type of "egregious" conduct required for willful infringement. *See Halo*, 136 S. Ct. at 1935. Beyond its inadequate pre-suit notice allegations, Frac Shack pleads only conclusions regarding willfulness:

> 36. AFD's infringement of the '906 Patent has been and is willful, deliberate and in disregard of Frac Shack's patent rights, and Frac Shack is therefore entitled to increased damages up to three times the amount of actual damages and attorneys' fees pursuant to 35 U.S.C. §§ 284–85.

Complaint at ¶ 36.

This single conclusory allegation lacks any factual allegations about AFD Alaska's behavior that could give rise to a plausible inference that AFD Alaska has engaged in egregious conduct of any kind. Indeed, although Frac Shack alleges that AFD Alaska's alleged infringement was "deliberate," Frac Shack does not allege facts to show the alleged subjective intent and misconduct required under *Halo*. *See, e.g., Finjan, Inc. v. Juniper Networks, Inc.*, No. C 17-05659 WHA, 2018 WL 905909, at *4 (N.D. Cal. Feb. 14, 2018) (dismissing willfulness claim because the plaintiff "fails to identify any factual allegation that Juniper exhibited egregious behavior on par with that described in *Halo*"); *Princeton Digital Image Corp. v. Ubisoft Entmn't SA*, No. 13-335-LPS-CJB, 2017 WL 6337188, at *11 (D. Del. Dec. 12, 2017) ("[The Complaint] does not sufficiently articulate how Ubisoft SA's actions during a short, three-month period of time amount to an 'egregious' case of infringement of the patent."); *Cisco Sys., Inc.*, 2017 WL 2462423, at *5 ("Finjan has simply

made conclusory allegations of knowledge and infringement, which, considered in the totality of circumstances here, is not enough to plausibly allege 'egregious[ness].'") (citations omitted).

For at least this additional reason, Frac Shack's willful infringement allegations should be dismissed for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, AFD Alaska respectfully requests that the Court grant this motion and dismiss Frac Shack's claim for willful infringement.

October 11, 2018

Respectfully submitted,

By: */s/ Gilbert A. Greene*
Thomas W. Sankey
State Bar No. 17635670
Diana M. Sangalli
State Bar No. 24033926
Gilbert A. Greene
State Bar No. 24045976
DUANE MORRIS LLP
7500 Rialto Boulevard
Building 1, Suite 230
Austin, TX 78735-8560
Tel: (512) 277-2300
Fax: (512) 277-2301
TWSankey@duanemorris.com
DMsangalli@duanemorris.com
BGreene@duanemorris.com

**ATTORNEYS FOR DEFENDANT ALASKA FUEL DISTRIBUTORS INC.**

9

**CERTIFICATE OF SERVICE**

I certify that on October 11, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

<u>/s/ Gilbert A. Greene</u>
Gilbert A. Greene