# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND DIVISION

| | | |
|---|---|---|
| **FRAC SHACK INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Case No. 7:19-cv-00026-DC** |
| | § | |
| **AFD PETROLEUM (TEXAS) INC.;** | § | |
| **ALASKA FUEL DISTRIBUTORS INC.;** | § | |
| **AFD PETROLEUM LTD.; AND** | § | |
| **GLOBAL ENGINEERING SOLUTIONS** | § | **JURY TRIAL DEMANDED** |
| **LIMITED,** | § | |
| **Defendants.** | § | |
| | § | |

## DEFENDANTS AFD PETROLEUM (TEXAS) INC., ALASKA FUEL DISTRIBUTORS INC., AND AFD PETROLEUM LTD.'S MOTION TO DISMISS PLAINTIFF'S CORRECTED FIRST AMENDED COMPLAINT[1]

---

[1] AFD Petroleum Ltd. makes a special appearance to contest service of process, pursuant to Fed. R. Civ. P. 12(b)(5). Pursuant to Fed. R. Civ. P. 12(b) and (g)(2), AFD Petroleum Ltd. is also joining AFD Petroleum (Texas) Inc.'s and Alaska Fuel Distributors Inc.'s motion to dismiss certain claims under Fed. R. Civ. P. 12(b)(6).

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   FACTUAL BACKGROUND AND FRAC SHACK'S ALLEGATIONS .......................... 3

III.  FRAC SHACK'S COMPLAINT FAILS TO STATE A CLAIM AGAINST THE AFD
      DEFENDANTS FOR CERTAIN CLAIMS ................................................................ 6

      A.    Frac Shack Fails to State a Claim for Direct Infringement of the '906 Patent
            Against AFD Alaska and AFD Canada ................................................................. 7

      B.    Frac Shack Fails to State a Claim for Joint Infringement of the '906 Patent Against
            the AFD Defendants ........................................................................................... 8

            1.    *Frac Shack fails to plausibly show joint infringement under a "direction
                  and control" theory* .................................................................................. 9

            2.    *Frac Shack fails to plausibly show joint infringement under a "joint
                  enterprise" theory* ................................................................................... 11

      C.    Frac Shack Fails to State a Claim for Indirect Infringement of the '662 and '906
            Patents Against AFD Canada ............................................................................. 12

            1.    *Frac Shack fails to plausibly show pre-suit knowledge of the Asserted
                  Patents by AFD Canada* ........................................................................... 12

            2.    *Frac Shack's contributory infringement allegations are conclusory and
                  insufficient to state a plausible claim* ....................................................... 15

      D.    Frac Shack Fails to State a Claim for Willful Infringement ................................. 16

            1.    *Frac Shack fails to fails to allege any facts to plausibly show that the AFD
                  Defendants had pre-suit knowledge of the Asserted Patents and the alleged
                  infringement* ........................................................................................... 18

            2.    *Frac Shack fails to allege facts to plausibly show that the AFD Defendants
                  engaged in egregious, piratical conduct* .................................................... 18

IV.   FRAC SHACK'S ATTEMPTED SERVICE OF PROCESS ON AFD CANADA IS
      INSUFFICIENT AND THE ENTIRE COMPLAINT AGAINST AFD CANADA
      SHOULD BE DISMISSED UNDER RULE 12(B)(5) ................................................ 19

V.    CONCLUSION .................................................................................................. 20

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Affinity Labs of Tex., LLC v. Blackberry Ltd.*, Case No. W:13-CV-362,
2014 WL 12551207 (W.D. Tex. Apr. 30, 2014)................................................................15

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365,
2014 WL 2892285 (W.D. Tex. May 12, 2014) .................................................................14

*Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-702-XR,
2011 WL 3359554 (W.D. Tex. Aug. 4, 2011).................................................................13

*Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020 (Fed. Cir. 2015)
(en banc).........................................................................................................9, 11-12

*Apeldyn Corp. v. AU Optronics Corp.*, 831 F. Supp. 2d 817 (D. Del. 2011) ..............................14

*Artrip v. Ball Corp.*, 735 F. App'x 708 (Fed. Cir. 2018)...........................................................8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..........................................................................6-8, 11

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...............................................................6-7

*Boundaries Sols. Inc. v. CoreLogic, Inc.*, No. 5:14-CV-00761-PSG,
2014 WL 4954017 (N.D. Cal. Sept. 29, 2014) ...............................................................14

*Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344 (5th Cir. 1992)............................19

*Diamond Grading Techs., Inc. v. American Gem Society*, No. 2:14-cv-1171-RWS,
2016 WL 2902482 (E.D. Tex. Mar. 30, 2016) ...............................................................7

*Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 935 F.2d 1263 (Fed. Cir. 1991).........................7-8

*Finjan, Inc. v. Cisco Sys., Inc.*, No. 17-cv-00072-BLF,
2017 WL 2462423 (N.D. Cal. Jun. 7, 2017)..................................................................17

*Global-Tech Appliances, Inc., v. SEB S.A.*, 563 U.S. 754 (2011)...........................................13, 15

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016)...............................................16-18

*Ioengine, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB,
2019 WL 330515 (D. Del. Jan. 25, 2019).....................................................................12

*Iron Oak Techs., LLC v. Acer America Corp. et. al.*, No. 6:17-cv-00143-RP-JCM,
2017 WL 9477677 (W.D. Tex. Nov. 28, 2017)..............................................................16

*Jao Control & Monitoring Sys., LLC v. Protect America, Inc.*, No. 1-14-CV-134-
LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015).......................................................7, 16

*Jenkins v. LogicMark, LLC*, No. 3:16-CV-751-HEH, 2017 WL 376154
(E.D. Va. Jan. 25, 2017)...........................................................................17

*Johnson v. Flowers Indus., Inc.*, 814 F.2d 978 (4th Cir. 1987) .......................................12

*Lyda v. CBS Corp.*, 838 F.3d 1331 (Fed. Cir. 2016) .......................................................7-10

*Meetrix IP, LLC. V. Cisco Sys., Inc.* No. 1-18-cv-309-LY (W.D. Tex. Nov. 30,
2018) ...........................................................................................................14, 17

*Meraz v. M. Susan Rice, P.C.*, No. SA-09-CA-138-OG, 2009 WL 10669232 (W.D.
Tex. May 15, 2009)...........................................................................................3

*MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225
(D. Del. 2012) ...............................................................................................13

*NetFuel, Inc. v. Cisco Sys. Inc.*, No. 5:18-cv-02352-EJD,
2018 U.S. Dist. LEXIS 159412 (N.D. Cal. Sep. 18, 2018) ...........................18

*Osorio v. Emily Morgan Enterprises, L.L.C.*, No. CIV.A.SA04CA0179-XR,
2005 WL 589620 (W.D. Tex. Mar. 14, 2005) ...............................................19

*P&G v. Nabisco Brands, Inc.*, 604 F. Supp. 1485 (D. Del. 1985)...............................8

*Princeton Digital Image Corp. v. Ubisoft Entmn't SA, C.A.* No. 13-335-LPS-CJB,
2017 WL 6337188 (D. Del. Dec. 12, 2017)...................................................14

*Radware, Ltd. v. F5 Networks, Inc.*, No. 5:13-CV-02024-RMW,
2016 WL 4427490 (N.D. Cal. Aug. 22, 2016) ..............................................17

*Raptor, LLC v. Odebrecht Constr., Inc.*, No. 17-21509-CIV,
2017 WL 3776914 (S.D. Fla. Aug. 31, 2017).............................................10-11

*Ruby Sands LLC v. Am. Nat'l Bank of Texas*, No. 2:15-CV-1955-JRG,
2016 WL 3542430 (E.D. Tex. June 28, 2016)................................................7

*Software Research, Inc. v. Dynatrace LLC*, 316 F. Supp. 3d 1112 (N.D. Cal. 2018) ..................17

*Varian Med. Sys., Inc. v. Elekta AB*, No. 15–871, 2016 WL 3748772 (D. Del. Jul.
12, 2016) ......................................................................................................17

*Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11-06638-RS,
2012 WL 1831543 (N.D. Cal. May 18, 2012) ...............................................14

*Water Splash, Inc. v. Menon*, 137 S. Ct. 1504 (2017) ................................................19

*WBIP, LLC v. Kohler Co.*, 829 F.3d 1317 (Fed. Cir. 2016) .......................................16

**Statutes**

35 U.S.C. § 271(a) ................................................................................................. 7-8

35 U.S.C. § 284 ....................................................................................................16

**Other Authorities**

Fed. R. Civ. P. 4(f) ........................................................................................2, 19, 20

Fed. R. Civ. P. 12 (b)(5)....................................................................................1, 19

Fed. R. Civ. P. 12 (b)(6).....................................................................................1, 6

1989 Can. T.S. No.2...............................................................................................19

*Service of Documents SOR/98-106*, §130(1)(c).......................................................20

Alberta Rules of Court, §11.9 (2010) ...................................................................20

## I.    <u>INTRODUCTION</u>

Frac Shack's Corrected First Amended Complaint lacks sufficient substance for several of its claims against AFD Petroleum (Texas) Inc. ("AFD Texas"), Alaska Fuel Distributors Inc. ("AFD Alaska"), or AFD Petroleum Ltd. ("AFD Canada") (collectively, the "AFD Defendants"). Pursuant to Fed. R. Civ. P. 12 (b)(6), the insufficiently pled claims should be dismissed. AFD Canada also seeks dismissal of the Complaint pursuant to Fed. R. Civ. P. 12 (b)(5) for insufficient service of process.

First, for its direct infringement claim as to the '906 Patent against AFD Alaska and AFD Canada, Frac Shack fails to plausibly show that AFD Alaska or AFD Canada performed any of the allegedly infringing activities after the asserted '906 Patent was issued in 2018. Frac Shack's allegations either involve activities that allegedly took place before the issuance of the '906 Patent or are merely speculation about alleged activities that Frac Shack hopes took place after the issuance. Such speculation, without factual support, does not move Frac Shack's direct infringement claims from sheer possibility to plausibility.

Second, for its joint infringement claim as to the '906 Patent against the AFD Defendants, Frac Shack merely alleges, again with no factual basis, that the AFD Defendants jointly performed "some claim limitations," therefore failing to plausibly allege that the AFD Defendants jointly performed each and every limitation of the asserted claims, which is a threshold requirement for joint infringement claims. Further, Frac Shack fails to plausibly show which of the AFD Defendants allegedly "directed and controlled" the other AFD Defendants or which AFD Defendant allegedly performed which act(s) to complete the alleged joint infringement. Frac Shack also fails to plausibly show that the AFD Defendants formed a "joint enterprise" because it fails to allege sufficient facts to satisfy the requirements that each entity had an equal right of control in the alleged joint enterprise and that there was an agreement between the entities.

Third, Frac Shack's indirect infringement claims as to the '906 and '662 Patents against AFD Canada fail as a matter of law because Frac Shack does not plead sufficient facts to plausibly show AFD

1

Canada had actual pre-suit knowledge of the asserted patents. Instead, Frac Shack relies on unsupported and speculative allegations that AFD Canada had knowledge of the asserted patents from (allegedly) following Frac Shack's pending patent applications and from AFD Canada's own patent application. Such speculative allegations have been ruled insufficient as a matter of law to establish pre-filing knowledge of a patent for indirect and willful infringement purposes, including by courts in this District.

Further, Frac Shack's willful infringement claim against the AFD Defendants should be dismissed because it is devoid of any plausible factual support. In a single sentence in its Prayer for Relief, Frac Shack claims that the AFD Defendants' alleged infringement was willful. Such a threadbare allegation of willfulness, unsupported by facts that would plausibly show (1) the AFD Defendants' pre-suit knowledge of the asserted patents and infringing conduct, and (2) egregious conduct by the AFD Defendants, falls far short of meeting the high pleading standard for willful infringement.

Lastly, Frac Shack's attempted service of process by mail on AFD Canada fails to satisfy the requirements under Fed. R. Civ. P. 4(f) and the Hague Convention. Frac Shack failed to comply with any of the requirements for service by mail on a foreign corporation under Rule 4(f)(2): there is no evidence that Frac Shack's attempted service was mailed out by a court clerk, or that the attempted service satisfied the local law (in Alberta, Canada) requiring that the service documents be mailed to AFD Canada's principal place of business in Alberta by recorded mail with a signed receipt.

For these reasons, this Court should grant the AFD Defendants' motion and dismiss Frac Shack's direct infringement claim as to the '906 Patent against AFD Alaska and AFD Canada, joint infringement claim as to the '906 Patent against the AFD Defendants, indirect infringement claims as to the '906 and '662 Patents against AFD Canada, and willful infringement claim against the AFD Defendants. This Court should also dismiss Frac Shack's entire Complaint against AFD Canada for insufficient service of process, or in the alternative, quash Frac Shack's attempted service on AFD

Canada.[2]

## II. FACTUAL BACKGROUND AND FRAC SHACK'S ALLEGATIONS

Frac Shack filed its Original Complaint on August 6, 2018, in which it alleged that AFD Alaska infringed U.S. Patent No. 10,029,906 (the "'906 Patent") and that the alleged infringement was willful. Dkt. #1 at ¶¶ 24, 36. AFD Alaska moved to dismiss Frac Shack's willful infringement claim. Dkt. #16. Frac Shack subsequently filed its First Amended Complaint on January 28, 2019, asserting an additional U.S. Patent No. 9,346,662 (the "'662 Patent") and adding new infringement claims against three additional defendants: AFD Texas; AFD Canada; and Global Engineering Solutions Limited ("GES"), a Chinese corporation. Dkt. #26 at ¶¶ 1, 9-32. On February 11, 2019, Frac Shack filed a Corrected First Amended Complaint ("Amended Complaint"), which purported to correct an error. Dkt. #38 at page 1.

AFD Canada is Canadian company registered in Alberta, Canada, and headquartered at 1444 78th Avenue NW, Edmonton, AB T6P 1L7, Canada. Dkt. #38 at ¶ 11. Despite Alberta law requiring service documents be sent to a corporation's principal place of business, Frac Shack attempted to serve AFD Canada by mailing a copy of the Summons and Complaint to a law office in Alberta rather than to AFD Canada's principal place of business. Dkt. #33. There is no evidence that the service documents were sent by recorded mail with a signed receipt, which are also required by Alberta law.

### 1. Allegations of direct infringement

In the Amended Complaint, Frac Shack alleges that the AFD Defendants have each independently directly infringed the '906 Patent by operating a system called the "Octofueler." Dkt. #38 at ¶¶ 165-70. For AFD Alaska and AFD Canada, Frac Shack's allegation of direct infringement is based entirely on alleged evidence that significantly pre-dates the '906 Patent's issuance date on July 24, 2018: "[I]t appears [that AFD Alaska/AFD Canada] was operating the Octofueler at least

---

[2] The present motion suspends the AFD Defendants' obligation to respond to the entire complaint. *See Meraz v. M. Susan Rice, P.C.*, No. SA-09-CA-138-OG, 2009 WL 10669232, at *1-*2 (W.D. Tex. May 15, 2009).

as early as April 24, 2016 as demonstrated by . . . social media show[ing] a 'Refueling Station' in use in New Mexico." *Id*. at ¶¶ 168, 170. As Frac Shack acknowledges in the Amended Complaint, counsel for the AFD Defendants has represented to Frac Shack (in writing) that "[t]o the extent that any Octofueler systems have been or are used, sold, offered for sale, and/or imported in the United States by an AFD entity after the issuance of the '906 Patent, such conduct is attributable solely to a separate corporate entity, AFD Petroleum (Texas) Inc. ('AFD Texas')." *Id*. at ¶ 191.

Having no evidence of activity by AFD Alaska or AFD Canada involving the Octofueler after the issuance of the '906 Patent (because no such evidence exists), Frac Shack is left to baldly speculate that AFD Alaska "***may have*** operated [the Octofueler] after the date the '906 Patent issued, and ***may still be***." Dkt. #38 at ¶ 168 (emphasis added). Regarding AFD Canada, Frac Shack similarly engages in bald speculation that "the AFD Entity using the Octofueler [after the issuance of the '906 Patent] was [AFD Canada, and . . .] ***may still be***." *Id*. at ¶ 170 (emphasis added).

## 2. *Allegations of joint infringement*

Frac Shack alleges that the AFD Defendants jointly infringed the '906 Patent under two theories: (1) those entities are allegedly under "common control"; and (2) those entities are part of a "joint enterprise."

For its "common control" theory of joint infringement, Frac Shack alleges that the AFD Defendants "have common ownership and governance," through which "a fuel delivery system may be transported by one AFD Entity and a fuel source may be transported to the frac site by another AFD Entity, thereby, together, meeting ***some claim limitations*** that require 'transporting a fuel delivery system' . . ." Dkt. #38 at ¶ 173 (emphasis added). Notably, Frac Shack does not identify which AFD Defendant allegedly directed or controlled the actions of other AFD Defendants or which AFD Defendant allegedly performed which steps of the patent claim(s). *Id*. at ¶ 173-75. Similarly, in the infringement claim chart for the '906 Patent attached as Exhibit 11 to the Amended

4

Complaint, Frac Shack simply refers to the alleged infringer as the "AFD Entities," or just "AFD." Dkt. #26-6. Frac Shack further speculates that "it appears the companies are acting in concert," because AFD Texas and AFD Alaska allegedly "appear in the same markets . . . in the same order, providing the same frac refueling services, using the same infringing technology, evidenc[ing] the direction or control of some entity." *Id*. at ¶ 175.

For its "joint enterprise" theory of joint infringement, Frac Shack alleges that the AFD Defendants "are part of a joint enterprise engaging in direct infringement" because: (1) "it appears that [AFD Canada] is operating or coordinating the operation with [AFD Texas and AFD Alaska] to import . . . and operate the Octofueler," and (2) an individual person is allegedly the owner of all three AFD Defendants and purportedly governs all entities as the President and sole Governor/Director of each entity. *Id*. at ¶¶ 176-78.

### 3.   *Allegations of indirect infringement*

Frac Shack further alleges that AFD Canada has induced the infringement of the '906 Patent and the '662 Patent (collectively, the "Asserted Patents"). *Id*. at ¶¶ 184-88, 202-04. Frac Shack does not allege any facts to plausibly show that AFD Canada had actual pre-suit knowledge of the Asserted Patents. Instead, Frac Shack merely speculates that AFD Canada "knew, should have known, or, if they did not know, [was] willfully blind, that [its] actions of marketing and encouraging the use of the [accused systems] induces infringement of the" Asserted Patents. *Id.* at ¶¶ 187-88, 203-04.

Frac Shack also alleges that AFD Canada contributed to the infringement of the '662 Patent. *Id*. at ¶¶ 198-00. As noted above, however, Frac Shack does not allege any facts to plausibly show that AFD Canada had actual pre-suit knowledge of the '662 Patent, as is required to state a claim for contributory infringement.

        4.    *Allegations of willful infringement*

Frac Shack's only allegation of willful infringement in the Amended Complaint is found in its Prayer for Relief:

> G. A judgment that Defendants infringement is willful and award Frac
> Shack enhanced damages pursuant to 35 U.S.C. § 284, up to and
> including trebling Frac Shack Inc.'s damages;

*Id*. at page 75.

Other than this conclusory allegation, Frac Shack alleges no facts to show that the AFD Defendants had any pre-suit knowledge of either of the Asserted Patents. Nor does Frac Shack allege any facts to show that the AFD Defendants' alleged conduct was so egregious as to warrant a finding of willfulness.

## III. FRAC SHACK'S COMPLAINT FAILS TO STATE A CLAIM AGAINST THE AFD DEFENDANTS FOR CERTAIN CLAIMS

Plaintiffs are required under the Federal Rules to allege claims that "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must contain "further factual enhancement" sufficient to move the claim from "sheer possibility that a defendant has acted unlawfully" to "facial plausibility"—i.e., "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Without such facts, a complaint cannot satisfy the requirement of "giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

The plausibility requirement applies to claims for direct, joint, indirect, and willful patent infringement. *See Ruby Sands LLC v. Am. Nat'l Bank of Texas*, No. 2:15-CV-1955-JRG, 2016 WL 3542430, at \*2 (E.D. Tex. June 28, 2016) ("[T]o state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion . . . .'"); *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) ("[L]ike claims of induced or contributory infringement, allegations of joint infringement require elements beyond those for the more typical act of direct infringement."); *Jao Control & Monitoring Sys., LLC v. Protect America, Inc.*, No. 1-14-CV-134-LY, 2015 WL 3513151, at \*3 (W.D. Tex. Mar. 24, 2015) ("'[T]he general principles of *Twombly* and *Iqbal* must be applied to indirect infringement claims.'") (internal citation omitted); *Diamond Grading Techs., Inc. v. American Gem Society*, No. 2:14-cv-1171-RWS, 2016 WL 2902482, at \*2 (E.D. Tex. Mar. 30, 2016) (dismissing willfulness claim for lacking a "plausible allegation of subjective knowledge").

A. **Frac Shack Fails to State a Claim for Direct Infringement of the '906 Patent Against AFD Alaska and AFD Canada**

To state a claim for direct infringement, a plaintiff must allege sufficient facts to show that a defendant has performed the allegedly infringing activities under 35 U.S.C. § 271(a) **after** the issuance of the asserted patent, because "an inventor has no enforceable rights under the patent laws until the patent securing those rights has issued." *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 935 F.2d 1263, 1266 (Fed. Cir. 1991), *as modified*, 64 F.3d 1553 (Fed. Cir. 1995).

Here, Frac Shack fails to plausibly allege any infringing acts by AFD Alaska or AFD Canada after the issuance of the '906 Patent. Frac Shack's allegation that AFD Alaska and/or AFD Canada "[were] operating the Octofueler at least as early as April 24, 2016" fails as a matter of law to support a direct infringement claim because the alleged acts upon which those claims are based are rooted solely in the period **before the '906 Patent was issued on July 24, 2018**. *See* Dkt. #38 at ¶¶

168, 170; *Exxon Chem.*, 935 F.2d at 1266; *see also P&G v. Nabisco Brands, Inc.*, 604 F. Supp. 1485, 1488 (D. Del. 1985) ("Section 271(a) specifically imposes geographic and temporal limits on liability for direct infringement. Liability for infringement . . . is limited to acts occurring 'within the United States' and they must occur 'during the term of the patent.'").

Further, Frac Shack's speculative and conclusory allegations about AFD Alaska's and AFD Canada's post-issuance conduct do not pass the *Twombly/Iqbal* plausibility test. Specifically, Frac Shack alleges that AFD Alaska "***may*** have operated [the Octofueler] after the date the '906 Patent issued, and ***may*** still be," and that "the AFD Entity using the Octofueler was [AFD Canada, and . . .] ***may*** still be." Dkt. #38 at ¶¶ 168, 170 (emphasis added). Such bare speculation of the ***possibility*** that AFD Alaska and AFD Canada ***may*** have operated the accused system after issuance of the '906 Patent, without more, fails to plausibly allege direct infringement. Indeed, the Supreme Court specifically instructed that "[t]he plausibility standard . . . asks for ***more than a sheer possibility*** that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (emphasis added). The Court should therefore dismiss Frac Shack's direct infringement claim for the '906 Patent against AFD Alaska and AFD Canada. *See, e.g., Artrip v. Ball Corp.*, 735 F. App'x 708, 714 (Fed. Cir. 2018) (affirming dismissal of direct patent infringement claim because "[e]ven taken as true, the facts alleged in the third amended complaint are insufficient to state a plausible, rather than merely possible, claim for relief").

**B.**    **Frac Shack Fails to State a Claim for Joint Infringement of the '906 Patent Against the AFD Defendants**

Joint infringement is a separate and distinct form of direct infringement in which more than one actor performs the steps of a patented method, but all steps are attributed to a single actor. *See Lyda*, 838 F.3d at 1339. To state a claim for joint infringement, a plaintiff must allege "facts sufficient to allow a reasonable inference that all steps of the claimed method are performed ***and***

either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Id*. (emphasis added) (*citing Akamai Techs., Inc. v. Limelight Networks, Inc*., 797 F.3d 1020, 1023 (Fed. Cir. 2015) (en banc)).

To establish the "direction and control" form of joint infringement, a plaintiff must show that a defendant (1) "acts through an agent (applying traditional agency principles)," (2) "contracts with another to perform one or more steps of a claimed method," or (3) "conditions participation in an activity on receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance." *Akamai*, 797 F.3d at 1023.

To establish the "joint enterprise" form of joint infringement, a plaintiff must show: "(1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control." *Id*.

Here, Frac Shack has not stated a claim for joint infringement under either a "direction and control" theory or a "joint enterprise" theory.

1.     *Frac Shack fails to plausibly show joint infringement under a "direction and control" theory*

Frac Shack's attempt to plead joint infringement under a "direction and control" theory fails as a matter of law for a number of reasons. First, Frac Shack fails to allege "facts sufficient to allow a reasonable inference that ***all steps*** of the claimed method are performed." *See Lyda*, 838 F.3d at 1339 (emphasis added). Specifically, Frac Shack alleges that "a fuel delivery system may be transported by one AFD Entity and a fuel source may be transported to the frac site by another AFD Entity, thereby, together, meeting ***some claim limitations*** that require 'transporting a fuel delivery

9

system . . .'" Dkt. #38 at ¶ 173 (emphasis added). By alleging that only "some" but not all claim limitations were performed by one or more of the AFD Defendants, Frac Shack fails to satisfy a threshold requirement for stating a claim for joint infringement. *See Lyda*, 838 F.3d at 1339.

Second, Frac Shack fails to allege which AFD Defendant directed and controlled the other AFD Defendants and which AFD Defendant(s) performed which steps from the patent claim(s). In *Raptor, LLC v. Odebrecht Constr., Inc*., No. 17-21509-CIV, 2017 WL 3776914 (S.D. Fla. Aug. 31, 2017), the Court dismissed the plaintiffs' joint infringement claim under a direction and control theory because "[w]hile . . . the Amended Complaint sets forth in detail the specific acts of infringement, it does not describe who performed these acts, ascribing them only to 'the Defendants,'" and "[s]imilarly, the Claim Charts attached to the Amended Complaint do not specify which Defendant is responsible for the infringing conduct, and instead provide only that it occurred on 'Defendants' job site.'" *Id*. at *4. The *Raptor* Court further reasoned that because the "Amended Complaint is devoid of allegations as to which Defendant did what," "the Court cannot reasonably determine whether any single Corporate Defendant performed each and every step of one of the Method Claims . . . . Nor have Plaintiffs pled any facts allowing the Court to conclude any of the Corporate Defendants directs or controls the actions of the others." *Id*.

Here, as in *Raptor*, Frac Shack conclusorily alleges that "a single entity directed or controlled the actions of all parties that led to the direct infringement," without pointing out which "single entity" directed or controlled the action of others and without alleging any facts that would plausibly support that assertion. Dkt. #38 at ¶ 173. Further, like in *Raptor*, Frac Shack does not specifically point out which AFD Defendant did what, but only vaguely speculates that "a fuel delivery system ***may*** be transported by ***one AFD Entity*** and a fuel source ***may*** be transported to the frac site by ***another AFD Entity***." *Id*. (emphasis added). Lastly, like in *Raptor*, the infringement

claim chart attached to Frac Shack's Amended Complaint for the '906 Patent does not specify which particular AFD Defendant allegedly performed which allegedly infringing conduct, but only ascribes the alleged conduct to "AFD Entities" or simply "AFD." Dkt. #26-6. Therefore, like in *Raptor*, Frac Shack's joint infringement claim under the "direction and control" theory should be dismissed because it fails to show which specific AFD Defendant allegedly directed and controlled the other AFD Defendants and which AFD Defendant(s) allegedly performed what act(s).

Moreover, Frac Shack's joint infringement claim should be dismissed for its reliance on speculation rather than actual alleged facts. Frac Shack's bare speculation that the AFD Defendants "may" have directed and controlled each other and "may" have performed certain acts is not sufficient to show the requisite "facial plausibility." Dkt. #38 at ¶ 173; *Iqbal*, 556 U.S. at 678.

> ### 2.   *Frac Shack fails to plausibly show joint infringement under a "joint enterprise" theory*

Frac Shack has failed to allege sufficient facts to pass the *Akamai* four-factor test to state a joint infringement claim under a "joint enterprise" theory. First, *Akamai* requires a showing that each entity in the alleged joint enterprise has "an equal right to a voice in the direction of the enterprise, which gives an equal right of control." *Akamai*, 797 F.3d at 1023. Frac Shack's own allegations, if taken as true, fail to show such an "equal right of control" among the AFD Defendants. Dkt. #38 at ¶ 178. Particularly, Frac Shack alleges that: (a) the AFD Petroleum Website advertising the Octofueler is owned by AFD Canada; (b) the brochure regarding the Octofueler is "AFD Petroleum Ltd. Branded . . . implying that the Octofueler is [AFD Canada's];" (c) "[AFD Canada] is owner of the 'AFD with raindrop' trademark affixed to the [] Octofuelers;" and thus (d) "it appears that [AFD Canada] is operating or coordinating the operation with [AFD Texas and AFD Alaska] to import . . . and operate the Octofueler." *Id*. at ¶¶ 177, 110. These allegations, if taken as true, show that AFD Canada does ***not*** have equal control with the other AFD Defendants

11

in the alleged joint enterprise. For this reason alone, this Court should dismiss Frac Shack's joint infringement claim under its "joint enterprise" theory. *See, e.g.*, *Ioengine, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2019 WL 330515, at *3 (D. Del. Jan. 25, 2019) ("At minimum, the complaint fails to satisfy the fourth requirement for a joint enterprise set forth by the *Akamai* court— the presence of 'an equal right to a voice in the direction of the enterprise, which gives an equal right of control.'") (*citing Akamai*, 797 F.3d at 1023).

Second, to show the existence of a joint enterprise, *Akamai* also requires the showing of "an agreement, express or implied, among the members of the group." Frac Shack alleges that "a decision by [the individual who purportedly owns the AFD Defendants] . . . is *per se* an agreement, at least implied, by the common director and/or owner of each member of the group." Dkt. #38 at ¶ 178. This allegation fails as a matter of law to establish a joint enterprise because courts have held that the conduct of different corporate entities cannot be attributed to their owners even if one single person has one hundred percent ownership and act as sole officer and director. *See, e.g., Johnson v. Flowers Indus., Inc.*, 814 F.2d 978, 982 (4th Cir. 1987) (applying federal common law to hold that even one hundred percent ownership and identity of officers and directors are insufficient to apply the alter ego theory to pierce the corporate veil). Therefore, Frac Shack has failed to plausibly show any agreement among the AFD Defendants and thus has failed to show that the AFD Defendants constitute a joint enterprise.

For the foregoing reasons, this Court should dismiss Frac Shack's joint infringement claim against the AFD Defendants.

**C.**     <u>**Frac Shack Fails to State a Claim for Indirect Infringement of the '662 and '906 Patents Against AFD Canada**</u>

        *1.*     *Frac Shack fails to plausibly show pre-suit knowledge of the Asserted Patents by AFD Canada*

Frac Shack fails to allege facts to plausibly show that AFD Canada had pre-suit knowledge

of the Asserted Patents, as required to state a claim for induced and contributory infringement. *See Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-702-XR, 2011 WL 3359554, at *5 (W.D. Tex. Aug. 4, 2011) ("Absence of knowledge is a fatal flaw in a claim for indirect patent infringement."). Rather than alleging specific facts that would show actual pre-suit knowledge of the Asserted Patents, Frac Shack merely speculates that AFD Canada "knew, should have known, or, if they did not know, [was] willfully blind, that [its] actions of marketing and encouraging the use of the [accused system] induces infringement of the" Asserted Patents. Dkt. #38 at ¶¶ 187-88, 203-04. These allegations are both factually implausible and flawed as a matter of law.

First, for purposes of indirect infringement, actual pre-suit knowledge—not constructive knowledge—is required to state plausible claims for indirect infringement. *See MONEC Holding AG v. Motorola Mobility, Inc*., 897 F. Supp. 2d 225, 232 (D. Del. 2012) ("[A]ctual (not constructive) knowledge of the patent-in-suit is necessary to state a claim for indirect infringement under the Supreme Court's decision in *Global–Tech*, unless the patentee is claiming willful blindness.") (internal citation omitted). While Frac Shack appears to allege actual pre-suit knowledge, it does so in a conclusory way that is based solely on speculation rather than facts that, if taken as true, would show actual pre-suit knowledge. Frac Shack's failure to allege any facts that would plausibly show AFD Canada's actual pre-suit knowledge of the Asserted Patents is fatal to its indirect infringement claims.

Frac Shack speculates that AFD Canada **must have** had pre-suit knowledge of the Asserted Patents because AFD Canada **must have** been following the progress of Frac Shack's '547 Application (from which the '906 Patent was issued) and the '991 Application (from which the '662 Patent was issued). Dkt. #38 at ¶¶ 187-88, 203-04. However, knowledge of a pending patent application, even taken as true, is insufficient as a matter of law to show actual knowledge of the

13

issued patent for indirect infringement purposes. *See, e.g., Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *6 (W.D. Tex. May 12, 2014) (finding that knowledge of a pending patent application "did not, without more, make plausible knowledge of the patent for purposes of inducing infringement"); *Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11-06638-RS, 2012 WL 1831543, at *5–*7 (N.D. Cal. May 18, 2012) (finding the accused infringer's knowledge of the pending patent application that led to the asserted patent and knowledge of other family related patents were insufficient to show actual knowledge of the asserted patent); *Boundaries Sols. Inc. v. CoreLogic, Inc.*, No. 5:14-CV-00761-PSG, 2014 WL 4954017, at *4 (N.D. Cal. Sept. 29, 2014) ("[K]nowledge of a patent application does not equal knowledge of issued patents."). Therefore, Frac Shack's allegation that AFD Canada had knowledge of the '547 and '991 Applications, rather than the issued patents, fails as a matter of law to plausibly allege pre-suit knowledge of the Asserted Patents for pleading indirect infringement.

Moreover, Frac Shack's allegation of actual pre-suit knowledge of the Asserted Patents based on AFD Canada's filing or prosecution of its own '394 Application is similarly implausible. *See* Dkt. #38 at ¶¶ 148, 188, 204. Courts have held that "[a]t the motion to dismiss stage, allegations that a defendant cited or referenced a patent during prosecution are generally not sufficient, alone, to support an inference of pre-suit knowledge of that patent." *Princeton Digital Image Corp. v. Ubisoft Entmn't SA, C.A.* No. 13-335-LPS-CJB, 2017 WL 6337188, at *1 (D. Del. Dec. 12, 2017) (citations omitted); *see also Meetrix IP, LLC. V. Cisco Sys., Inc*. No. 1-18-cv-309-LY, slip op. 4 (W.D. Tex. Nov. 30, 2018); *Apeldyn Corp. v. AU Optronics Corp.*, 831 F. Supp. 2d 817, 831 (D. Del. 2011) aff'd, 522 Fed. Appx. 912 (Fed. Cir. 2013) (rejecting constructive notice theory and holding "[t]here is simply no indication that constructive notice is meant to embrace the hundreds, if not thousands, of listed patents that would be generated in many cases" "based on the listing of a

patent on the face of another patent."). Thus, Frac Shack's allegations, even if true, do not suffice to show that AFD Canada knew of the Asserted Patents before this suit was filed.

Finally, Frac Shack's bare allegation that AFD Canada was "willfully blind" to the asserted patents is factually implausible. *See* Dkt. #38 at ¶¶ 187-88, 203-04. The Supreme Court has stated that a person who is willfully blind is "one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Global-Tech Appliances, Inc., v. SEB S.A.*, 563 U.S. 754, 769-70 (2011). As courts in this District have confirmed, willful blindness in this context requires that the plaintiff show that "'(1) the defendant subjectively believed that there was a high probability that the infringing technology was patented and (2) the defendant acted deliberately to avoid learning of that fact.'" *Affinity Labs of Tex., LLC v. Blackberry Ltd.*, Case No. W:13-CV-362, 2014 WL 12551207, at *3 (W.D. Tex. Apr. 30, 2014) (citations omitted) (holding that "the defendant's awareness of a plaintiff's patent portfolio is not enough to support a willful blindness claim to defeat a motion to dismiss"). Despite these requirements, Frac Shack alleges no facts that would plausibly show AFD Canada's subjective beliefs or that it took steps to deliberately avoid learning about the Asserted Patents or alleged infringement.

In sum, there are no plausible allegations in the Amended Complaint to sufficiently show that AFD Canada knew of any of the Asserted Patents before this action was filed. Nor are there any allegations to establish that AFD Canada was willfully blind to them. Accordingly, Frac Shack has failed to state claims against AFD Canada for indirect infringement of the Asserted Patents.

### 2.   *Frac Shack's contributory infringement allegations are conclusory and insufficient to state a plausible claim*

Aside from the knowledge issue discussed above, Frac Shack's contributory infringement allegations fail to plead sufficient facts to state a plausible claim. See Dkt. #38, ¶¶ 198-00. Frac

Shack alleges in generic terms that AFD Canada "is liable for contributory infringement [of the '662 Patent] by offering to sell . . . the ORS," and that the ORS "is not a staple article or commodity of commerce suitable for substantial noninfringing use." *Id*. As in *Jao*, "the paragraphs containing [plaintiff's] pleading of contributory infringement are thin of fact and consist of conclusory allegations that merely recite the elements of contributory infringement." *Jao Control & Monitoring Sys*., 2015 WL 3513151, at *5. Here as well, Frac Shack supplies no facts to support these allegations nor a basis to show that the accused ORS—which can be used for refueling ***any*** equipment ***anywhere***, and not just equipment at a "work site" as the '662 Patent recites—lacks non-infringing uses. *See id*. Thus, the Court should dismiss Frac Shack's deficient contributory infringement claim against AFD Canada for this additional reason. *See also Iron Oak Techs., LLC v. Acer America Corp. et. al*., No. 6:17-cv-00143-RP-JCM, 2017 WL 9477677, at *7 (W.D. Tex. Nov. 28, 2017) (recommending dismissal of "threadbare" contributory infringement claims that failed to show "enough factual matter").

### D.   Frac Shack Fails to State a Claim for Willful Infringement

In order to recover enhanced damages for willful patent infringement, a plaintiff must satisfy the requirements of 35 U.S.C. § 284 as interpreted by the Supreme Court in *Halo Elecs., Inc. v. Pulse Elecs., Inc*., 136 S. Ct. 1923, 1935 (2016). In *Halo*, the Supreme Court held that the "sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id*. at 1932. Thus, under *Halo*, while "courts should continue to take into account the particular circumstances of each case," enhanced damages are limited to "egregious cases of misconduct beyond typical infringement." *Id*. at 1933-35.

After Halo, the Federal Circuit has confirmed that "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co*.,

829 F.3d 1317, 1341 (Fed. Cir. 2016). A defendant's subjective intent, based on pre-litigation conduct, remains critical to the pleading and determination of willful infringement since *Halo*. *See Meetrix IP,* No. 1-18-cv-309-LY, slip op. 7-8; *Radware, Ltd. v. F5 Networks, Inc.*, No. 5:13-CV-02024-RMW, 2016 WL 4427490, at *6 (N.D. Cal. Aug. 22, 2016) ("*Halo* did not disturb this ruling [from *Seagate* that willful infringement requires pre-filing, not post-filing, conduct], as post-filing conduct was not at issue in *Halo*."); *Software Research, Inc. v. Dynatrace LLC*, 316 F. Supp. 3d 1112, 1137 (N.D. Cal. 2018) (dismissing willful infringement claim in which plaintiff failed to plead pre-suit knowledge of the asserted patents and thus had not shown piratical behavior under *Halo*).

Courts have also applied *Halo* in determining whether a willfulness claim is plausibly alleged and have dismissed those that do not show the requisite egregious conduct. *See, e.g., Varian Med. Sys., Inc. v. Elekta AB*, No. 15–871, 2016 WL 3748772, at *8 (D. Del. Jul. 12, 2016) (dismissing willfulness allegation for failing to plead facts showing that the defendants' actions "actually amounted to an egregious case of infringement of the patent"); *Finjan, Inc. v. Cisco Sys., Inc.*, No. 17-cv-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. Jun. 7, 2017) (dismissing plaintiff's willful infringement claim because, *inter alia*, the complaint failed to make sufficient factual allegations that defendant's behavior was "egregious . . . beyond typical infringement") (internal quotation marks omitted); *Jenkins v. LogicMark, LLC*, No. 3:16-CV-751-HEH, 2017 WL 376154, at *5 (E.D. Va. Jan. 25, 2017) ("[A]t a minimum, plaintiffs alleging willful infringement must plead facts sufficient to support an inference 'plausible on its face' that the alleged conduct is of the egregious nature described in [*Halo*].").

Here, Frac Shack's willful infringement allegations are bare conclusions without support of any specific facts. Such threadbare allegations do not plausibly show either the knowledge or

egregiousness required for willfulness under *Halo*.

>   1.   *Frac Shack fails to fails to allege any facts to plausibly show that the AFD Defendants had pre-suit knowledge of the Asserted Patents and the alleged infringement*

As explained above, Frac Shack's sole allegation of willfulness in the entire Amended Complaint is limited to a single sentence in the "Prayer for Relief" section. Dkt. #38 at page 75. As further explained above, Frac Shack does not plead any facts to plausibly show that AFD Canada had pre-suit knowledge of the Asserted Patents. Moreover, Frac Shack ***does not even allege*** that AFD Alaska and AFD Texas had pre-suit knowledge of the Asserted Patents, and Frac Shack also never alleges that it took steps to notify the AFD Defendants of the Asserted Patents or the alleged infringement.

As a matter of law, absent pre-suit knowledge of both the Asserted Patents and the alleged infringement, there can be no willful infringement. *See NetFuel, Inc. v. Cisco Sys. Inc.*, No. 5:18-cv-02352-EJD, 2018 U.S. Dist. LEXIS 159412, at *8 (N.D. Cal. Sep. 18, 2018) ("[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct."). Accordingly, this Court should dismiss Frac Shack's willful infringement claim against the AFD Defendants.

>   2.   *Frac Shack fails to allege facts to plausibly show that the AFD Defendants engaged in egregious, piratical conduct*

In addition to its failure to establish the requisite pre-suit knowledge of the Asserted Patents and the alleged infringement, Frac Shack also fails to allege any facts to plausibly show that the AFD Defendants engaged in the type of "egregious, piratical" conduct required for willful infringement. *See Halo*, 136 S. Ct. at 1935. For at least this additional reason, Frac Shack's willful infringement claim against the AFD Defendants should be dismissed for failure to state a claim.

**IV.**  **FRAC SHACK'S ATTEMPTED SERVICE OF PROCESS ON AFD CANADA IS INSUFFICIENT AND THE ENTIRE COMPLAINT AGAINST AFD CANADA SHOULD BE DISMISSED UNDER RULE 12(B)(5)**

"Without valid service of process, this Court does not obtain personal jurisdiction over the defendant." *Osorio v. Emily Morgan Enterprises, L.L.C.*, No. CIV.A.SA04CA0179-XR, 2005 WL 589620, at *2 (W.D. Tex. Mar. 14, 2005) (*citing Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)). If service of process is contested, the plaintiff has the burden to establish its validity. *See Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

To properly serve a corporation in Canada, the plaintiff must comply with the Hague Convention. *See* Fed. R. Civ. P. 4(f)(1); 1989 Can. T.S. No.2 (showing Canada is a signatory of the Hague Convention) (Exhibit A). Frac Shack attempted to serve AFD Canada by mail rather than through the "Central Authority" as prescribed by Article 5 of the Hague Convention. *See* Dkt. #33. "[S]ervice by mail is permissible [under the Hague Convention] if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017). Fed. R. Civ. P. 4(f)(2) requires that service by mail on a foreign defendant should be "reasonably calculated to give notice" and provides several alternatives, of which two are applicable in this case:

- Rule 4(f)(2)(A): "as prescribed by the foreign country's law for service in that country," or

- Rule 4(f)(2)(C)(ii): "unless prohibited by the foreign country's law, by . . . using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt."

Here, Frac Shack has not filed a return of service as to AFD Canada, and there is no evidence that its attempted service by mail on AFD Canada meets either of the above requirements.

First, for service by mail under Rule 4(f)(2)(C)(ii), there is no evidence that Frac Shack's Summons and Complaint were mailed out by a court clerk, or that the mail required a signed receipt.

Second, for service by mail under Rule 4(f)(2)(A), Canadian law defers to the province when determining proper service of a corporation. *Service of Documents SOR/98-106*, §130(1)(c) (Exhibit B). Alberta (where Frac Shack attempted its service on AFD Canada) requires service by mail on a corporation to be "sent by recorded mail, addressed to the corporation, to the principal place of business or activity in Alberta of the corporation," and "[a] receipt is signed." Alberta Rules of Court at §11.9 (2010) (Exhibit C). Here, Frac Shack's Summons and Complaint were mailed to a law office in Alberta instead of to AFD Canada's principal place of business in Alberta. *See* Dkt. #33, Dkt. #38 at ¶ 11. Further, there is no evidence that Frac Shack sent the Summons and Complaint by recorded mail or that a receipt was signed.

For the above reasons, Frac Shack has failed to meet the requirements for service of process on AFD Canada under Rule 4(f) and the Hague Convention. Accordingly, this Court should dismiss Frac Shack's entire Complaint against AFD Canada for insufficient service of process, or in the alternative, quash Frac Shack's attempted service on AFD Canada.

## V.    **CONCLUSION**

For the foregoing reasons, Defendants AFD Texas, AFD Alaska, and AFD Canada respectfully request that the Court grant this motion and dismiss Frac Shack's direct infringement claim as to the '906 Patent against AFD Alaska and AFD Canada, joint infringement claim as to the '906 Patent against the AFD Defendants, indirect infringement claims as to the '906 and '662 Patents against AFD Canada, and willful infringement claim against the AFD Defendants. AFD Canada also requests that the Court dismiss Frac Shack's entire Complaint against AFD Canada for insufficient service of process, or in the alternative, quash Frac Shack's attempted service on AFD Canada.

Dated: April 8, 2019

Respectfully submitted,

By: */s/ Gilbert A. Greene*
Thomas W. Sankey
State Bar No. 17635670
Diana M. Sangalli
State Bar No. 24033926
Gilbert A. Greene
State Bar No. 24045976
DUANE MORRIS LLP
Las Cimas IV
900 S. Capital of Texas Hwy, Suite 300
Austin, TX 78746-5435
Tel: (512) 277-2300
Fax: (512) 277-2301
*TWSankey@duanemorris.com*
*DMsangalli@duanemorris.com*
*BGreene@duanemorris.com*

**ATTORNEYS FOR DEFENDANTS**
**AFD PETROLEUM (TEXAS) INC.;**
**ALASKA FUEL DISTRIBUTORS INC.; AND**
**AFD PETROLEUM LTD.**

**CERTIFICATE OF SERVICE**

I certify that on April 8, 2019, I electronically filed the foregoing with the Clerk of Court

using the CM/ECF system, which will send notification of such filing to all counsel of record.

_/s/ Gilbert A. Greene_
Gilbert A. Greene